IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ROBERT H. ROGERS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) 1:20CV32 |
| EMERALD CAMPBELL, et al., | ) ) ) |
| Defendant(s). | ) ) |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of Missouri, submitted a pro se complaint under 42 U.S.C. § 1983 and requests permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § l915(a). Plaintiff names his niece, Emerald M. Campbell, as a Defendant in the case by alleging that she stole money from his accounts while he was in prison. He also names District Attorney Avery L. Crump, Chief Wayne Scott of the Greensboro Police Department, the Greensboro Police Department itself, and Guilford County, North Carolina, as Defendants by alleging that they failed to properly investigate the matter and/or prosecute Campbell.

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this Complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Applicable here, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1] For the reasons that follow, the Complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b) because it fails to state a claim on which relief may be granted.

Turning first to Defendant Campbell, the Complaint makes no allegation that she is a government official acting under color of state law. Instead, it is clear from the Complaint

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)).

2

that she is simply Plaintiff's niece and a private citizen. However, by the plain language of § 1983, claims can be brought under that statute only for violations committed by persons acting under color of state law. Because Campbell is a private actor, not a state actor, Plaintiff cannot maintain a claim against her under § 1983 and his claim against Campbell should be dismissed.

As for the remaining Defendant's Plaintiff alleges that Defendants Scott and Crump failed to investigate and prosecute Campbell and that the Greensboro Police Department and Guilford County allowed this. Even if true, this does not violate Plaintiff's federal constitutional rights because there is no constitutional right to have a third person arrested or prosecuted. Leeke v. Timmerman, 454 U.S. 83, 85-86 (1981) (concluding that there is no right to stop state officials from opposing the issuance of an arrest warrant); Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) (stating that private citizens have no legally recognized interest in a third-party's prosecution or nonprosecution). Nor is there a constitutional duty on the part of the Defendants to investigate the alleged theft, Gomez v. Whitney, 757 F.2d 1005, 1006 (9th Cir.1985), or protect Plaintiff from a third person, Pinder v. Johnson, 54 F.3d 1169 (4th Cir. 1995). Therefore, Plaintiff's allegations, even if true, do not state any valid claim for relief.

As a result, Plaintiff's request to proceed *in forma pauperis* should not be countenanced, with the exception that *in forma pauperis* status shall be granted for the sole purpose of entering this Order and Recommendation.

Plaintiff has submitted the Complaint for filing, however, and, notwithstanding the preceding determination, § 1915(b)(1) requires that he make an initial payment of $38.37. Failure to comply with this Order will lead to dismissal of the complaint.

3

Case 1:20-cv-00032-LCB-JLW   Document 4   Filed 02/06/20   Page 3 of 4

Plaintiff also filed a Motion (Docket Entry 3) seeking an appointment of counsel. That Motion will be denied in light of the recommendation of dismissal.

IT IS THEREFORE ORDERED that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

IT IS FURTHER ORDERED that within twenty (20) days from the date of this Order Plaintiff make an initial filing fee payment of $38.37.

IT IS FURTHER ORDERED that Plaintiff's trust officer shall be directed to pay to the Clerk of this Court 20% of all deposits to his account starting with the month of March of 2020, and thereafter each time that the amount in the account exceeds $10.00 until the $350.00 filing fee has been paid.

IT IS FURTHER ORDERED that Plaintiff's Motion (Docket Entry 3) seeking an appointment of counsel is denied.

IT IS RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted.

This, the 6th day of February, 2020.

_____
Joe L. Webster
United States Magistrate Judge